# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARYBETH BRONSON,

       Plaintiff,

v.                                 Case No:   6:22-cv-2078-RBD-LHP

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **PLAINTIFF'S UNOPPOSED PETITION FOR ATTORNEY FEES (Doc. No. 23)**
>
> **FILED:**    **February 22, 2024**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND.

On November 9, 2022, Plaintiff, through counsel of record, filed a complaint

against the Commissioner of Social Security regarding the denial of an application

for disability benefits.   Doc. No. 1.   On January 3, 2024, the Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. No. 21; *see also* Doc. No. 20.   Judgment was entered in favor of Plaintiff and against the Commissioner on January 4, 2024.   Doc. No. 22.

On February 22, 2024, Plaintiff filed a motion requesting an award of $3,894.02 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).   Doc. No. 23.   The Commissioner does not oppose the motion. *Id.*, at 2.   The motion has been referred to the undersigned, and the matter is ripe for review.

## II.     DISCUSSION.

### A.     Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided that the party meets five requirements:   (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.   *See* 28 U.S.C. § 2412(d)(1), (d)(2).

    1. *Prevailing Party.*

On January 3, 2024, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings.   Doc. No. 21.   A plaintiff obtaining a sentence four remand is a prevailing party.   *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993).   Accordingly, Plaintiff is a prevailing party in this case.

    2. *Timely Application.*

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action."   28 U.S.C. § 2412(d)(1)(B).   A final judgment is defined as a judgment that "is final and not appealable."   *Id*. § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, consequently, a judgment typically becomes final after 60 days.   Fed. R. App. P. 4(a)(1)(B). Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered.   *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).

Plaintiff's motion was filed prematurely on February 22, 2024, given that the judgment was entered on January 4, 2024 and was not final at the time when the motion was filed.   Doc. No. 22.   *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins to run after the time to appeal [the] 'final judgment' has expired.").   However, the judgment has since become final given the absence of a timely appeal.   *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P.

4(a)(1)(B).   Accordingly, the undersigned recommends the Court conclude Plaintiff's motion is timely such that the Court may properly rule on the motion at this time.   *See, e.g., Inman v. Apfel*, No. 3:97-cv-1273-J-HTS, 2000 WL 1221858 at * 1 (M.D. Fla. Jul. 14, 2000) (finding EAJA petition was filed prematurely before the time for appeal had expired, but deeming the petition timely filed because it was timely when the order granting EAJA fees was entered).

### 3.   *Claimant's Net Worth.*

Plaintiff states that his net worth did not exceed $2 million dollars at the time the action was filed.   Doc. No. 23, ¶ 7.   This statement is uncontroverted.

### 4.   *Government's Position Not Substantially Justified.*

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—*i.e.* when it has a reasonable basis in both law and fact."   *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (citation and quotation marks omitted).   The Commissioner bears the burden of proving that her position was substantially justified.   *See United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).   In this case, Plaintiff argues that the Commissioner's position was not substantially justified, and the Commissioner has not argued otherwise.   Doc. No. 23, ¶ 6.   Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

     5. *No Special Circumstances.*

The undersigned finds no special circumstances that would make an award of fees unjust.

  **B. Reasonableness of EAJA Fee.**

In the motion, Plaintiff states that her counsel spent 4.60 hours litigating this case in 2022 at $238.85 per hour, 9.8 hours litigating this case in 2023 at $245.03 per hour, and 1.6 hours litigating this case in 2024 at $246.26 per hour, for a total of $3,894.02 in attorney's fees. Doc. No. 23-1, at 3-4; Doc. No. 23-2.

The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A). *See also* 28 U.S.C. § 2412(d)(2)(A)(ii) (Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996). Calculations of the cost-of-living adjustment using the CPI show that the average adjusted hourly rate for 2022 is $234.95, for 2023 is $244.63, and for January 2024 is $247.60.[1] These figures are calculated by taking the "Annual" CPI rates for 2022, 2023, and 2024, and subtracting from each of them the March 1996 rate (for 2022,

---

[1] Because no 2024 annual CPI average exists at the time of drafting this report and recommendation, the undersigned recommends using the CPI index for January 2024. *See Galarza-Pinto v. Comm'r of Soc. Sec.*, No. 6:20-cv-2108-LHP, 2022 WL 8206037, at * 1 n. 2 (M.D. Fla. May 17, 2022) (using individual monthly average CPI rates where an annual average did not exist at the time of drafting the order).

292.655 − 155.7 = 115.27; for 2023, 304.702 − 155.7 = 149.002; for 2024, 308.417 − 155.7 = 152.717) and then dividing those numbers by the March 1996 rate (for 2022, 136.955 ÷ 155.7 = 0.8796; for 2023, 149.002 ÷ 155.7 = 0.9570 (rounded up); for 2024, 152.717 ÷ 155.7 = 0.9808)).   These calculations result in the cost-of-living percentage increases from March 1996 through 2022, 2023, and 2024.   The cost-of-living percentage increases are then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA for each year (for 2022, (0.8796 × 125) + 125 = 234.95; for 2023, (0.9570 × 125) + 125 = 244.63 (rounded up); for 2024, (0.9808 × 125) + 125 = 247.6).   *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited April 2, 2024).

Counsel for Plaintiff uses averages of the CPI for the particular months counsel worked on Plaintiff's case instead of annual averages, and in doing so reaches a higher hourly rate.   *See* Doc. No. 23-1, at 3–4.   The undersigned recommends the Court reject Plaintiff's month-by-month averages in favor of the annual averages that courts in the Middle District of Florida generally find "more reasonable."   *Cordeau v. Comm'r of Soc. Sec.*, No. 6:14-cv-1360-Orl-40KRS, 2015 WL 6438672, at *1 (M.D. Fla. Oct. 21, 2015).   *See also Alvarado v. Comm'r of Soc. Sec.*, No.

6:20-cv-1642-GKS-LRH, 2022 WL 317026, at *2 (M.D. Fla. Jan. 5, 2022), *report and recommendation adopted*, 2022 WL 310199 (M.D. Fla. Feb. 2, 2022); *Wattecamps v. Comm'r of Soc. Sec.*, No. 2:20-cv-925-MRM, at *2 (M.D. Fla. Apr. 13, 2022).

The undersigned therefore recommends the Court use the annual average rates listed above in calculating Plaintiff's fees.  Furthermore, and upon consideration, the undersigned finds the number of hours of work performed by Plaintiff's counsel (16.0) reasonable, particularly in the absence of any objection from the Commissioner.  *See* Doc. No. 23 ¶ 8; Doc. No. 23-2.  Accordingly, the undersigned recommends the Court find that Plaintiff is entitled to recover a total of $3,874.30[2]  in attorney's fees under the EAJA.

C.    **Assignment.**

A plaintiff, not counsel, is generally entitled to receipt of an EAJA award. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).   Although Plaintiff attaches to the motion an assignment of the EAJA funds from Plaintiff to his counsel, *see* Doc. No. 23-2, in the motion, Plaintiff states that "[t]he parties agree that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government.   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept

---

[2] Calculated as 4.6 hours × 234.95 = 1,080.77, plus 9.8 hours × 244.63 = 2,397.37, plus 1.6 hours × 247.6 = 396.16 for a total of $3,874.30.

Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 23, at 2.   Thus, because Plaintiff does not appear to be asking the Court to honor the assignment, it poses no concerns here, and the payment should be made by the Commissioner to Plaintiff (although the government may exercise its discretion to honor the assignment, should it choose to do so).

## III.   RECOMMENDATION.

Based on the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court **GRANT in part and DENY in part** Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 23), and **AWARD** Plaintiff a total of $3,874.30 pursuant to the EAJA.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.   Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 4, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy